MATTHEW DOUGLAS
Nevada Bar No. 11371
ATKIN WINNER & SHERROD
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059

Attorneys for Defendant State Farm Mutual Auto. Ins. Co.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALICE S. GIBSON, | CASE NO.: 2:10-cv-02026-LDG-LRL |
| Plaintiffs, | **ERRATA TO STIPULATION AND ORDER TO AMEND THE DISCOVERY PLAN AND SCHEDULING ORDER** |
| vs. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DOES I through V, inclusive, ROE CORPORATIONS I through V, inclusive, | **(SECOND REQUEST)** |
| Defendants. | |

COME NOW Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through its attorney of record, MATTHEW J. DOUGLAS, and Plaintiff, ALICE S. GIBSON, by and through her attorney of record, VICTOR CARDOZA, hereby jointly stipulate and agree to modify and amend the Discovery Plan and Scheduling Order, pursuant to Local Rule 26-4, as follows:

**A.    Discovery Which Has Been Completed**

The parties have disclosed their initial productions of documents and lists of witnesses and Plaintiff has answered initial written discovery requests. Plaintiff recently propounded written discovery on Defendant which is being answered. However, Plaintiff did not disclose her initial production, pursuant to FRCP 26(a), until May 5, 2011. Additionally, despite written

280902

discovery being propounded in January, 2011, Defendant was forced to file a Motion to Compel same discovery responses in May, 2011. Plaintiff finally, answered all outstanding written discovery, thereafter, on or about June 23, 2011. Thereafter, Defendant has been collecting medical records of Plaintiff. Plaintiff's deposition was scheduled to proceed on September 21, 2011, but that date was cancelled by Plaintiff September 19, 2011 for another hospitalization of Plaintiff.

### B.   Discovery Which Remains to be Conducted

Defendant needs to finish collecting Plaintiff's medical records as Defendant just recently learned of additional medical care – now totaling over $800,000.00 via a letter from Plaintiff's Counsel on September 6, 2011. Additionally, the parties need to finish party as well as treating physician depositions and, then, name and disclose expert witnesses. The parties would then still need to conduct expert depositions.

### C.   Reasons Why the Proposed Discovery Was Not Completed Prior to the Expiration of the Current Discovery Deadline

Plaintiff did not disclose her initial production, pursuant to FRCP 26(a), until May 5, 2011. Additionally, despite written discovery being propounded in January, 2011, Defendant was forced to file a Motion to Compel same discovery responses in May, 2011 and Plaintiff did not supply complete written discovery responses until on or about June 23, 2011. Only then was Defendant able to begin collecting Plaintiff's medical records.

In regards to taking the depositions of fact witnesses and treating physician depositions the Defendant needs to collect plaintiff's medical records first, before scheduling same depositions.

Apparently, many of the delays have been as a result of multiple hospitalizations of Plaintiff over the past year. In fact, Defendant learned of several additional costly

hospitalizations and treatments for Plaintiff, with medical specials over $800,000, via a letter from Plaintiff's Counsel dated September 6, 2011. Finally, Defendant had set Plaintiff's deposition for September 21, 2011, but this deposition was cancelled by Plaintiff per a letter dated September 19, 2011 from Plaintiff's Counsel stating Plaintiff being hospitalized, again, for a blood clot. Plaintiff is unable to say, at this time, when Plaintiff will be medically able to sit for her deposition in order to reschedule same.

D. **Proposed Plan for Completing Discovery**

Defendant requests that the close of discovery be extended an additional ninety (90) days to May 7, 2012 (May 6, 2012 is a Sunday). Defendant believes that the discovery can be completed by May 7, 2012. Defendant believes the parties can disclose expert witnesses by January 6, 2012. Additionally the parties can disclose rebuttal expert witnesses by February 6, 2012. The deadline for pre-trial motions and/or dispositive motions will be June 7, 2012 and the parties will file the pre-trial order July 6, 2012 (July 7, 2012 is a Saturday).

E. **The Current Trial Date**

There is no trial date currently set.

F. **Number of Requests for Extension**

This is the *second* request for an extension of discovery deadlines.

The parties have demonstrated good cause for the extension of the close of discovery in this matter. Defendant simply wants the opportunity to collect all records of Plaintiff independently and depose Plaintiff and her treating physicians, before naming experts and completing the expert depositions.

/ / /

/ / /

### III.

### CONCLUSION

The parties request that the Court grant parties Stipulation to Amend Discovery Plan and Scheduling Order.

DATED this 23rd day of September, 2011.

                                                    ATKIN WINNER & SHERROD

                                                    */s/ Matthew Douglas*
                                                    _____
Matthew J. Douglas
Nevada Bar No. 11371
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Counsel for Defendant*

280902

*Errata to Stipulation and Order to Amend Discovery Plan and Scheduling Order (Second Request)*
*Case No.* 2:10-cv-02026

DATED this _23rd_ _day of September, 2011.

| ATKIN WINNER & SHERROD | FASSETT & CARDOZA |
|---|---|
| By: /s/Matthew Douglas<br>Matthew J. Douglas<br>Nevada Bar No. 11371<br>1117 S. Rancho Drive<br>Las Vegas, NV 89102<br>Attorneys for Defendant | By: /s/ Victor Cardoza<br>Victor Cardoza, Esq.<br>Nevada Bar No. 005599<br>1137 South Rancho Dr., Suite B<br>Las Vegas, NV 89102<br>Attorneys for Plaintiff |

### ORDER

FOR GOOD CAUSE APPEARING, IT IS SO ORDERED that the discovery date(s) in this matter will be reset to accommodate the parties, with the close of discovery to be May 7, 2012, and all other discovery dates extended an additional ninety (90) days, accordingly, or as this Court may deem appropriate.

_____
U.S. MAGISTRATE JUDGE
9-28-11

Submitted by:

ATKIN WINNER & SHERROD

By: /s/Matthew Douglas
Matthew J. Douglas
Nevada Bar No. 11371
1117 S. Rancho Drive
Las Vegas, NV 89102
Attorney for Defendant
STATE FARM MUTUAL AUTO.
INSURANCE COMPANY

282096